# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RODERICK BO JACKSON, )
)
    Plaintiff, )
)
v. ) Case No. CV414-259
)
AL ST. LAWRENCE, )
)
    Defendant. )

## REPORT AND RECOMMENDATION

The Court should dismiss this 42 U.S.C. § 1983 case because, first, plaintiff Roderick Bo Jackson complains of a defect in the state court criminal proceedings against him (an assistant district attorney violated his due process rights), yet he seeks no damages, only dismissal of that case.[1] Doc. 1 at 8. In so doing, Jackson invalidates his § 1983 claim.

---

[1] As Jackson is proceeding *in forma pauperis*, docs. 2, 4 & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief, and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

*Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead.") (quotes and cites omitted).

Second, Jackson complains about the Chatham County, Georgia jail library and its services (e.g., it provides him double-sided copies of documents to be filed with this Court; he erroneously believes that this Court will not accept them for filing). Doc. 1 at 5-7. Construed liberally, he may be said to seek (since he requests no damages) injunctive relief, but this claim fails for lack of exhaustion. *See id.* at 3 (he admits he bypassed the jail's grievance procedure).

---

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

Under 42 U.S.C. § 1997e(a), a prisoner *must* exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."); *see Cutter v. Wilkinson*, 544 U.S. 709, 723 n.12 (2005) (RLUIPA claims are still subject to the PLRA's exhaustion requirement); *Logue v. Chatham Cnty. Det. Ctr.*, 152 F. App'x 781, 783 (11th Cir. 2005) (prisoners must exhaust their remedies prior to filing Equal Protection claims). This requirement is a "pre-condition to suit." *Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999). "Inmates cannot circumvent proper grievance procedures simply because they are less speedy or effective than desired." *Toenninges v. Georgia Dep't. of Corr.*, 2015 WL 294630 at * 3 (11th Cir. Jan. 23, 2015); *see also Porter v. Nussle*, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). That means plaintiff must "us[e] all steps" in the administrative process and comply with any

administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (cite omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). "If the remedies are not found to be exhausted, then dismissal is appropriate." *Toenninges*, 2015 WL 294630 at * 2. Accordingly, Jackson's case should be **DISMISSED**.

Meanwhile, Jackson must pay his $350 filing fee. His furnished account information shows that he has had a $51.67 average monthly balance in his prison account during the past six months. Doc. 4. He therefore owes a $10.33 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches

$10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED** this 23rd day of February, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA